UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :                 **MEMORANDUM DECISION**

       - v -             :

                                     08 Cr. 757 (DC)

BENJAMIN RESTO,           :

                   Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARANCES:**         AUDREY STRAUSS, ESQ.
                      United States Attorney for the
                      Southern District of New York
                              By:    Nicholas Folly, Esq.
                                      Assistant United States Attorney
                      One Saint Andrew's Plaza
                      New York, NY  10007

                      DAVID E. PATTON, ESQ.
                      Federal Defenders of New York, Inc.
                              By:    Edward S. Zas
                                      Assistant Federal Defender
                      52 Duane Street—10th Floor
                      New York, New York 10007

**CHIN, Circuit Judge:**

        On August 21, 2009, I sentenced defendant Benjamin Resto to a total term

of 188 months' imprisonment.  (See Dkt. No. 15).[1]  Mr. Resto now moves to reduce his

sentence to time served and a term of supervised release of four years, Dkt. No. 21 at 13,

---

[1] Mr. Resto is scheduled to be released on March 23, 2022.

pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub.

L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  Mr. Resto contends that his health

condition (asthma and autoimmune hepatitis), the conditions of his confinement, and

the risks presented by the pandemic in prison constitute "extraordinary and

compelling" circumstances warranting compassionate release.  Dkt. No. 21 at 11-12, 13.

He further contends that sentencing factors, set forth in 18 U.S.C. § 3553(a), weigh in

favor of release.

> For the reasons set forth below, the motion is **GRANTED** to the extent set

forth below.

**BACKGROUND**

**A.      Mr. Resto's Crime, Guilty Plea, and Sentencing**

> On March 17, 2009, Mr. Resto pled guilty, pursuant to a plea agreement, to

one count of possession with intent to distribute five hundred grams and more of

cocaine, in violation of 18 U.S.C. § 841(b)(1)(B).  I sentenced Mr. Resto, on August 21,

2009, to 188 months' imprisonment.  Dkt. No. 12 ("Sent'g Tr.") at 7-8; Dkt. No. 15.

**B.      Mr. Resto's Request for Compassionate Release**

> Mr. Resto has now served approximately 150 months, or more than 92

percent of his sentence, with good-time credit applied, and is due for release from the

Bureau of Prisons' ("BOP") custody on March 23, 2022.  Dkt. No. 21 at 3.  On May 27,

2020, Mr. Resto, through counsel, submitted a request for compassionate release to the

Warden of the Federal Correctional Institution Greenville ("FCI Greenville") -- the

federal facility where Mr. Resto is incarcerated.  Dkt. No. 21 at 5; Dkt. No. 21 at 3.  To

date, neither the Warden nor any other FCI Greenville representative has responded to

Mr. Resto's request.  Dkt. No. 21 at 3; Dkt. No. 23 at 9.  On November 1, 2020, Mr. Resto

filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Dkt. No. 20.  The government filed its opposition on November 9, 2020.  Dkt. No. 23.

Mr. Resto thereafter filed a reply.  Dkt. No. 25.

## DISCUSSION

### A.    Applicable Law

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may

reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons (the

"BOP") or the defendant.  See United States v. Gil, No. 90 Cr. 306 (KMW), 2020 WL

2611872, at *1 (S.D.N.Y. May 22, 2020); United States v. Patterson, No. 17 Cr. 118-6

(KPR), 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020).  A defendant may move for a

reduction under the statute only upon exhausting administrative remedies within the

BOP.  See 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if

extraordinary and compelling reasons are shown.  18 U.S.C. § 3582(c)(1)(A).  Courts

were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited

the reasons that qualified as extraordinary and compelling.[2]  United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020).  The Second Circuit has now held, however, that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." Brooker, 976 F.3d at 237; see also United States v. Ciprian, No. 11 Cr. 1032 (PAE), 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]he Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons or by its freestanding requirement that the defendant seeking release not pose any danger to the community.").  United States v. Pellegrino, No. 18-CR-0496-1(JS), 2020 WL 5820325, at *4 (E.D.N.Y. Sept. 30, 2020).  Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons.  Id.  Rehabilitation alone, however, "shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).

If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in section 3553(a), to the extent they are applicable.  See Israel, 2019 WL 6702522, at *2.  These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the

---

[2]      Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were limited to:  the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP.  U.S. Sentencing Manual § 1B1.13, n.1.

sentence to reflect the seriousness of the offense, to promote respect for the law, to

provide just punishment for the offense, to afford adequate deterrence to criminal

conduct, and to provide the defendant with needed medical care; and the need to avoid

unwarranted disparities in sentences.  See 18 U.S.C. § 3553(a).

On a motion for compassionate release, the defendant bears the burden of

showing that a reduction is warranted.  See Patterson, 2020 WL 2571044, at *2.

**B.**     **Application**

As a threshold matter, the Government concedes that Mr. Resto fully

exhausted his administrative remedies.  Dkt. No 23 at 9.  Mr. Resto met the exhaustion

requirement upon the lapse of 30 days from the receipt of his request by the warden of

FCI Greenville.  Id.

First, I consider whether Mr. Resto is eligible for compassionate release

under section 3582(c)(1)(A), that is, whether he has demonstrated extraordinary and

compelling reasons qualifying him for a sentence reduction.  I conclude that he has.

Second, I consider whether to grant the motion by weighing the factors set forth in

section 3553(a), to the extent they are applicable.  I conclude that the statutory factors

weigh in favor of granting the motion.

**1.**     **Extraordinary and Compelling Circumstances**

Section 3582(c)(1)(A) does not define "extraordinary and compelling

reasons."  Rather, the Court has broad discretion to consider reasons beyond those listed

in the Sentencing Guidelines, including "the severity of [the defendant's] sentence in

weighing his motion for compassionate release," United States v. Vargas, No. 88 Cr. 325

(VEC), 2020 WL 6886646, at *6 (S.D.N.Y. Nov. 24, 2020), the defendant's "age at the time

of his crime and the sentencing court's statements about the injustice of his lengthy

sentence," and "the present coronavirus pandemic, which courts around the country . . .

have used as a justification for granting some sentence reduction motions." Brooker,

976 F.3d at 238.  Courts additionally consider the severity and documented history of

the defendant's health conditions, the defendant's history of managing those conditions

in prison, the proliferation and status of infection at defendant's facilities, and the

defendant's rehabilitation efforts during incarceration.  See United States v. Brady, No.

S2 18 CR. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020).  Where "no single

factor alone" may justify release, the total circumstances may still rise to the level of

extraordinary and compelling reasons for release.  See Vargas, 2020 WL 6886646, at *1

(finding that, in combination, the defendant's rehabilitation, harsh sentence, medical

issues, the pandemic, and intention to care for his mother were extraordinary and

compelling reasons).

       I conclude that Mr. Resto has demonstrated extraordinary and compelling

reasons.  First, Mr. Resto's suffers from several health conditions that are or may be

exacerbated by the conditions of his incarceration.  Mr. Resto was diagnosed with

autoimmune hepatitis while incarcerated and was required to wait five months before

he was seen by a physician, and another three more months before seeing a specialist.

See Dkt. No. 25 at at 5-6.  If autoimmune hepatitis is left untreated, it can "lead to

scarring of the liver (cirrhosis) and eventually to liver failure."  Dkt. No 21 at 8.

Moreover, Mr. Resto has no control over whether he will actually be brought to these

appointments, as FCI Greenville has been subject to endless pandemic-related

lockdowns, which -- at minimum -- have been ongoing from April 2020 through at least

November 2020.  Dkt. No. 21 at 9.  Courts in this district have granted a motion for

compassionate release after finding that prolonged COVID-19 lockdowns, "less-than-

conducive" management of a defendant's health conditions, and a high number of

positive COVID-19 cases at a facility amounted to "extraordinary and compelling"

circumstances.  See, e.g., United States v. Brady, No. S2 18 CR. 316 (PAC), 2021 WL

200512, at *1-2 (S.D.N.Y. Jan. 20, 2021).  Mr. Resto also suffers from non-allergic asthma.

See, e.g., United States v. Correa, No. 08-CR-1026 (VEC), 2020 WL 7490098, at *4

(S.D.N.Y. Dec. 21, 2020) (relying on studies -- independent from those conducted by the

CDC -- in finding that asthma placed the defendant at a heightened risk of illness or

death caused by COVID-19, therefore contributing to the defendant's overall

extraordinary and compelling circumstances); United States v. Walters, No. 15-CR-644

(AJN), 2021 WL 165107, at *2 (S.D.N.Y. Jan. 19, 2021) (explaining that district courts

have broad discretion to "independently" determine "extraordinary and compelling"

circumstances where the defendant moves for compassionate release).[3]

Second, Mr. Resto has made significant strides towards his rehabilitation.

Through his 12 years of his incarceration, Mr. Resto's rehabilitation and relationship

building efforts have included: (i) completion of a nine-month drug treatment program,

(ii) completion of over 40 educational/vocational classes while at BOP facilities,

including parenting and maintenance classes, (iii) various jobs to prepare for reentry

into the community, and (iv) maintaining contact with the mother of his child, his son,

his grandson, and members of the community.  See Dkt. No. 21 at 14-15; Dkt. No. 23 at

6.  Several of Mr. Resto's family, friends, and community, have attested to his ability to

maintain meaningful relationships throughout the time of his incarceration and to his

capacity for success upon release.  See Dkt. No. 21, Exs. K, L, M, N, and O.  In addition,

Mr. Resto's former supervisors at Fort Dix, for whom he worked for five years,

submitted a recommendation letter describing Mr. Resto's "dedication to his work, his

reliability, motivation, and leadership."  Dkt. No. 21, Ex. A.

---

[3] Mr. Resto previously tested positive for COVID-19 in August 2020.  He was asymptomatic and has since recovered.  This does not necessarily indicate that he now has a lower risk of infection or that his current circumstances are not extraordinary and compelling.  United States v. Barajas, No. 18-CR-736-04 (NSR), 2020 WL 3976991, at *10-11 (S.D.N.Y. July 13, 2020) (granting a motion for compassionate release, in part, because the defendant's risk of reinfection and long-term health impact were uncertain).

Third, the proliferation of COVID-19 at FCI Greenville contributes to the "extraordinary and compelling" nature of Mr. Resto's circumstances.  See Brady, 2020 WL 2512100, at *3; see also United States v. Paciullo, No. 15-CR-834 (KMW), 2020 WL 1862252, at *1-3 (S.D.N.Y. Apr. 14, 2020); United States v. Valencia, No. 15-CR-163, 2020 WL 2319323, at *1, *6-7 (S.D.N.Y. May 11, 2020).  According to BOP's website, over 700 of the 1,179 inmates have contracted COVID-19.  See Covid-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (accessed March 18, 2021).

Finally, Mr. Resto has completed more than 92 percent of his sentence (assuming good time credit).

While each reason, considered individually, might not be sufficient to constitute extraordinary and compelling grounds for compassionate release, when all of the factors are considered as a whole -- including his health conditions, his completion of most of his sentence, his rehabilitation, and the challenges posed by ongoing COVID-19 -- Mr. Resto has established extraordinary and compelling reasons qualifying him for compassionate release.  See United States v. Vargas, No. 88-CR-325 (VEC), 2020 WL 6886646, at *1 (S.D.N.Y. Nov. 24, 2020) (granting a motion for compassionate release where "no single factor alone" was sufficient to justify release, but the total combination of circumstances rose to a level of "extraordinary and compelling.").

2.      **Section 3553(a) Factors**

I conclude, based on the circumstances discussed above and consideration

of the section 3553(a) factors, that Mr. Resto's motion should be granted.  First, the

nature and circumstances of Mr. Resto's offenses, as well as his history and

characteristics, weigh in favor of compassionate release.  Mr. Resto's offenses, while

serious, were nonviolent and he does not have a history of violence.  While Mr. Resto

incurred three disciplinary actions -- one of which was related to possession of a

weapon -- during his incarceration, the infractions are outweighed by the overall

combination of circumstances.  See, e.g., United States v. Millan, No. 91-cr-685 (LAP),

2020 WL 1674058, at *11 (S.D.N.Y. Apr. 6, 2020); United States v. Haynes, 456 F. Supp.

3d 496, 502-04 (E.D.N.Y. Apr. 22, 2020) (granting compassionate release for a defendant

with five disciplinary infractions, including one for possession of a dangerous

weapon.).  Mr. Resto struggled with drug addiction at the beginning of his

incarceration, but he has since overcome it.  His subsequent rehabilitation demonstrates

that the "time he has served in prison has achieved much of the original sentence's

retributive, deterrent, and incapacitative purpose."  United States v. Pena, 459 F. Supp.

3d 544, 551 (S.D.N.Y. May 8, 2020).

Second, shortening Mr. Resto's sentence does not undermine the

seriousness of the offense, or fail to respect the law, provide just punishment, or

adequately deter criminal conduct.  The frequent lockdowns at FCI Greenville have

restricted Mr. Resto's time outside his cell to approximately one hour per day and eliminated his access to all rehabilitation resources.  Dkt. No. 21 at 9.  To prolong Mr. Resto's incarceration any further would be to impose a sentence reaching greater than the aims of his original sentence.  Additionally, courts have found that compassionate release for defendants who have served the significant majority, at least two-thirds, of their sentences does not undermine sentencing goals.  See, e.g., United States v. Van Praagh, No. 14 Cr. 189 (PAC), 2020 WL 3892502, at *4 (S.D.N.Y. July 10, 2020).  Mr. Resto has exceeded this threshold, having served over 92 percent of a harsh sentence. Furthermore, the threat of a 12-plus-year sentence should still substantially deter others.

Third, if Mr. Resto were to be sentenced today, I would likely sentence him to a term either equivalent to or shorter than the term he has already served.  At the time I sentenced Mr. Resto to 188 months, the applicable Sentencing Guidelines Range was 188 to 235 months based on his offenses and based on his categorization as a career offender.  However, under today's Guidelines, Mr. Resto would likely not qualify as a career offender because one of the prior convictions that rendered him a career offender at the time of his sentencing -- i.e., criminal sale of a controlled substance in the fifth degree in violation of New York Penal Law ("NYPL") § 220.31 -- is no longer a qualifying offense.  See United States v. Townsend, 897 F.3d 66, 74 (2d Cir. 2018) (a conviction under NYPL § 220.31 cannot be a predicate offense for an enhanced sentence under U.S.S.G. § 2K2.1(a)).  Accordingly, if I were to sentence Mr. Resto today, the

applicable range would be 130 to 162 months and I would therefore likely sentence him to a period of incarceration either equal to or lower than the 150 months he has already served.  See United States v. Rountree, 460 F. Supp. 3d 224, 239 (N.D.N.Y. 2020) (It is "reasonable to discount somewhat its prior adjudication of [a defendant] as a career offender," in light of Townsend.).

      Finally, Mr. Resto poses no danger to the public.  His crimes and imprisonment show that he does not have a propensity for violence.  He has demonstrated strong community ties as multiple family members, friends, and other members of his community have written in support of his character and advocating for his release, and upon his release, Mr. Resto plans to live with the mother of his child. See Dkt. No. 21 at 10, Exs. K, L, M, N, and O.  Altogether, the 3553(a) factors weigh in favor of Mr. Resto's compassionate release.

      For the reasons discussed above, I also determine that a four-year term of supervised release is unnecessary and, in light of present circumstances, no longer warranted.

### <u>CONCLUSION</u>

      Mr. Resto's motion for compassionate release is hereby GRANTED, as set forth below.  More specifically, the Court orders that:

1.    Mr. Resto's sentence of incarceration is reduced to time served plus ten days pursuant to 18 U.S.C. § 3582(c)(1)(A);

2.      The Bureau of Prisons shall release Mr. Resto from custody, no later than ten days from today; and

3.      Mr. Resto's term of supervised release is reduced to three years, subject to the conditions of release set forth in the judgment dated August 21, 2009, <u>see</u> Dkt. No. 15, modified as follows:

a.      Upon release, Mr. Resto shall travel from FCI Greenville to Ruth Velasquez's home, wearing a mask en route, and shall self-quarantine there for 14 days;

b.      Mr. Resto is to report to the nearest Probation Office 15 days after his release from custody.

SO ORDERED.

Dated:      New York, New York
            March 23, 2021


_____s/Denny Chin_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation